IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GERALDINE FARLEY**,

    Plaintiff,

vs.                                                          No. 1:14-CV-01013 JAP-KBM

**ATA SERVICES, INC.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On November 7, 2014, Defendant ATA Services, Inc. filed a MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR WRONGFUL TERMINATION AND SEXUAL HARASSMENT (Doc. No. 4) (Motion to Dismiss). Plaintiff Geraldine Farley did not respond within the time allowed by this District's local rules and therefore is deemed to have consented to granting the Motion to Dismiss. D.N.M.LR-Civ. 7.1(b), 7.4(a).[1] On December 15, 2014, Defendant filed a REPLY TO [Plaintiff's non-existent] RESPONSE (Doc. No. 6) (Reply). The Court will convert Defendant's Motion to Dismiss into a motion for summary judgment under FED. R. CIV. P. 56 and grant it.

### I.     BACKGROUND AND PROCEDURAL HISTORY

On September 26, 2012, Plaintiff filed two Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Human Rights Bureau of the New Mexico Department of Workforce Solutions. *See* Doc. No. 1-2 at 5–6. (The Charge against Defendant was numbered 543-2012-01637; the Charge against the City of Albuquerque was numbered 543-2012-01639). According to the Charges, Plaintiff was employed by Defendant until September 18, 2012, when Defendant terminated her employment. *Id.* Defendant is a sub-

---

[1] Also, the Motion to Dismiss does not contain a "recitation of a good-faith request for concurrence" from the opposite party as required by this District's Local Rules. *See* D.N.M.LR-Civ. 7.1(a).

contractor of the City of Albuquerque. *Id.* Prior to her departure, Plaintiff was sexually harassed by a "[s]upervisor from the City of Albuquerque…." *Id.*

On June 27, 2013, the EEOC sent Plaintiff a "Dismissal and Notice of Rights" in regard to Plaintiff's Charge against Defendant, stating that "the EEOC is unable to conclude that the Information obtained establishes violations of the statutes." Doc. No. 4-1 at 2. The dismissal notice stated that Plaintiff had a right to sue within 90 days, and that "[t]his will be the only notice of dismissal and of your right to sue that we will send you." *Id.*

On September 26, 2013, the EEOC determined that in regard to Plaintiff's Charge against the City of Albuquerque that there was "reasonable cause to conclude that [Plaintiff] was subjected to sexual harassment and later discharged in retaliation for opposing the unlawful employment practice[,] all in violation of Title VII [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*]." Doc. No. 1-2 at 2. On November 1, 2013, the EEOC referred Plaintiff's Charge to the U.S. Department of Justice. *Id.* at 11. On July 7, 2014, the Department of Justice sent Plaintiff a notice letter stating that the Department did not intend to sue the City of Albuquerque on her behalf. *Id.* at 13. The notice letter stated that Plaintiff had a right to sue the City of Albuquerque on her own within 90 days of receiving the notice.

On October 7, 2014, Plaintiff filed two separate state court lawsuits: one against the City of Albuquerque (No. D-202-CV-201406334), and one against Defendant (No. D-202-CV-201406335). Both suits were filed in New Mexico's Second Judicial District Court in Bernalillo County. On November 7, 2014, Defendant removed the case against Defendant to this Court under 28 U.S.C. § 1441(c)(1)(A).

## II.     STANDARD OF REVIEW

Defendant asks this Court to dismiss Plaintiff's complaint for lack of subject matter jurisdiction because Plaintiff failed to file her Complaint within 90 days of receiving an EEOC "right to sue" letter. A complaint should be dismissed under FED R. CIV. P. 12(b)(1) if the court lacks subject matter jurisdiction over the claims for relief in the complaint. But Defendant's Motion to Dismiss cannot be considered a motion to dismiss under Rule 12(b)(1). This is because the applicable 90-day statute of limitations for bringing a suit under Title VII is not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259–60 (10th Cir. 1994). Instead, an alleged failure to comply with the 90-day statute of limitations is evaluated either as a motion to dismiss under FED R. CIV. P. 12(b)(6) (i.e., Plaintiff has failed to state a claim for relief) or for summary judgment under FED R. CIV. P. 56. *Lombardi v. Advantage Logistics US West, LLC*, No. 11-2467, 2012 WL 2319094 at *2 (June 19, 2012).

Whether Defendant's Motion to Dismiss is evaluated as a motion under Rule 12(b)(6) or Rule 56 in turn depends on the support Defendant marshals in favor of dismissal. An attack on the sufficiency of Plaintiff's complaint alone would make Rule 12(b)(6) the applicable rule. But since Defendant argues that dismissal is warranted based on information nowhere to be found in the complaint or its attachments—that is, Plaintiff's EEOC "right to sue" notice for her Charge against ATA Services—Rule 56 applies. FED R. CIV. P. 12(d).

Under Rule 56, summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary

judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The party seeking summary judgment bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). In considering a motion for summary judgment, then, the Court's "role is simply to determine whether the evidence proffered by plaintiff would be sufficient, if believed by the ultimate factfinder, to sustain her claim." *Foster v. Alliedsignal, Inc.*, 293 F.3d 1187, 1195 (10th Cir. 2002).

### III.    DISCUSSION

Under 42 U.S.C. § 2000e-5(f)(1), an aggrieved individual must file a lawsuit alleging discrimination in violation of the Civil Rights Act within ninety days of receiving notice that the EEOC is dismissing the charge or notice that the Department of Justice does not intend to pursue a civil action against the alleged violator. Defendant argues that because Plaintiff failed to meet the 90-day deadline, the Court should dismiss her complaint.

As an initial matter, the Court finds that Defendant has shown that there is no disputing that Plaintiff received notice of her "right to sue" ATA Services from the EEOC on July 3, 2013. Since Plaintiff filed her complaint against Defendant more than a year after the notice was sent, Plaintiff's complaint was not timely filed. The question is whether there can be any dispute that the statute of limitations should be equitably tolled. "[A] Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements." *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 260 (10th Cir. 1994) (emphasis original). Thus, the question becomes whether Plaintiff's complaint permits an inference that Plaintiff was "lulled into inaction by…actions that the employer should unmistakably have understood would cause the

employee to delay filing his charge." *Al–Ali v. Salt Lake Cmty. Coll.*, 269 Fed. Appx. 842, 847 (10th Cir. 2008) (unpublished) (quotation omitted).

The Court finds that there can be no such dispute. Plaintiff's complaint alleges that she "received the "Right to Sue" letter…from the U.S. Department of Justice, and is now invoking the right to sue, in the said time allotted per the notification" in the July 7, 2014 letter. Doc. No. 1-2 at 3. A reasonable inference from this allegation is that Plaintiff understood the "right to sue" notice to apply not only to her Charge against the City of Albuquerque but also to her Charge against Defendant. But that inference cannot support a further (necessary) inference that Defendant's mistaken understanding was caused by active deception and not mere "garden variety" negligence. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Without more, there cannot be any justification for equitably tolling the statute of limitations.

This conclusion is bolstered by evidence that Plaintiff was aware that the two Charges were given separate procedural treatment by the EEOC: Plaintiff's complaint identifies the two separate Charges, *see* Doc. No. 1-2 at 2 ¶ 11, and the "right to sue" notice Plaintiff attached to the complaint refers to the City of Albuquerque, not ATA Services. *See* Doc. No. 1-2 at 13. In other words, there are no plausible facts in Plaintiff's complaint or the record (scant as it is) that would allow the Court to infer that Plaintiff was deceived into waiting to file suit against ATA Services until the Department of Justice notified her of her right to sue the City of Albuquerque.

True, it is strange that Plaintiff's two complaints, which arose from a common transaction, were given separate treatment and opposite determinations (the EEOC found evidence of probable discrimination in the Charge against the City, but no probable discrimination with respect to the Charge against Defendant). But this unusual fact alone does not give rise to an inference or genuine dispute that Plaintiff was deceived into missing the 90-

day statute of limitations. The Complaint itself and the facts in the record all indicate that Plaintiff knew that the Charge against ATA Services was for all intents and purposes separate from the Charge against the City of Albuquerque. Plaintiff filed two separate Charges, received two separate "right to sue" letters, and filed two separate state court lawsuits. Plaintiff's state court lawsuit against the City of Albuquerque is to all outward appearances still alive and well, and this Memorandum Opinion and Order does not pass on the merits of Plaintiff's claims against the City of Albuquerque. But because Plaintiff did not file suit against ATA Services within ninety days of receiving her "right to sue" notice from the EEOC, this lawsuit must be dismissed.

## CONCLUSION

IT IS ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 4) is GRANTED.

*James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE